**3**

DAVID P. CUSICK, #160467 TRUSTEE
NEIL ENMARK, #159185, attorney for Trustee
KRISTEN A. KOO, #230856, attorney for Trustee
P.O. Box 1858
Sacramento, California 95812-1858
legalmail@cusick13.com
(916) 856-8000

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | | |
|---|---|---|
| I IN RE: | ) | Case No: 2026-21553-S-C-13C |
| | ) | DCN: DPC-1 |
| | ) | |
| GUSTAVO G. OROZCO, | ) | TRUSTEE'S OBJECTION TO |
| | ) | CONFIRMATION |
| | ) | |
| | ) | DATE:        06/09/2026 |
| | ) | TIME:        11:00 A.M. |
| | ) | JUDGE:       KLEIN |
| Debtor(s) | ) | COURTROOM:  35, 6TH FLOOR |

DAVID P. CUSICK, TRUSTEE, objects to confirmation of the Debtor's Plan which was filed on 3/21/2026, DN 3, and does not recommend its confirmation.

The Trustee objects to confirmation as follows:

A. **FEASIBILITY:** Debtor does not appear to able to comply with the Plan to have the ability to make the Plan payments and has failed to carry their burden of showing that the Plan complies with 11 U.S.C. §1325(a)(6).

1

1. **<u>PLAN AND SCHEDULES MAY HAVE BEEN ELECTRONICALLY SIGNED BY</u> <u>DEBTOR</u>**: The Plan does not comply with Local Bankruptcy Rule 9004-1(c). The Trustee is unable to fully assess the feasibility of the Plan or effectively administer the Plan. The Debtor's plan appears to include a digital or scanned signature which does not appear to be a valid signature per our Local Rules. The Debtor testified at the 341 Meeting of Creditors, held on 5/7/2026, that the Plan, Petition and other documents were signed digitally. The Debtor has not complied with the Bankruptcy Code or the Local Bankruptcy Rules stating all documents must be signed. Since the documents had not been physically signed, the Debtor was unable to be further questioned and the meeting was continued to 6/12/2026, at 9:00 a.m., to give the Debtor sufficient time to provide the required documents to the Trustee's office.

2. **<u>ATTORNEY FEES</u>**. The Trustee does not know what the Debtor's Attorney is to be paid or how he expects to be paid. The Debtor did not check either box in §3.05 of the Plan (DN 3, Page 2) and is it unclear if the Debtor's attorney chose to comply with Local Bankruptcy Rule 2016-1(c) or will seek the Court's approval by a motion in accordance with 11 U.S.C. §§329 and 330, Fed. R. Bankr. 2002, 2016 and 2017.

   A $0 monthly disbursement amount is called for to Debtor's Attorney, (DN 2, Page 2, §3.06.) 3.05 and 3.06 in the Plan indicates that the attorney is accepting total fees in the amount of $7,500.00, received a $2,200.00 retainer prior to filing the case, and is expecting $5,300.00 to be paid through the Plan. Paying $0 per month (as indicated in 3.06 of the plan) will not pay these fees.

3. **<u>FAILS LIQUIDATION</u>**. The Debtor's Plan fails the Chapter 7 liquidation analysis under 11 U.S.C. §1325(a)(4). Unsecured claims may not be receiving what they would

receive in the event of a hypothetical Chapter 7 liquidation. The Debtor's non-exempt equity totals $49,220.00 and the Debtor is proposing a 45% dividend to unsecured creditors which will only pay about $16,202.70 based on scheduled debt. (DN 3, Page 5, Section 3.14.) The bar date is 06/01/2026 for general, unsecured creditors so the exact amount to be paid will not be known until after that date. However, to date, only $19,299.57 in unsecured claims have been filed so if no one else files a claim, the plan will only pay $8,684.81 to the general, unsecured creditors. There are no priority claims listed and to date, no priority claims have been filed.

The non-exempt assets include the Debtor's property at 119 Donner Drive, Vacaville, California in the amount of $31,655; Debtor's Tesla Model Y in the amount of $12,565; and Debtor's National Debt Relief financial account in the amount of $5,000 (DN 1, Pages 10-17.)

WHEREFORE the movant prays that the Court enter an order denying confirmation of the Debtor's Plan.

Dated:    5/12/26                                    /s/Kristen Koo
                                                     Kristen Koo, Attorney for Trustee